| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Anthony O. Egbase, Onyinye Anyama, 262152<br>Law Offices of Anthony O. Egbase<br>The World Trade Center<br>350 S. Figueroa Street, Suite 189<br>Los Angeles, CA 90071<br>(213) 620-7070 Fax: (213) 620-1200<br>California State Bar Number: 181721<br>☒ Attorney for Debtor<br>☐ Pro Se Debtor | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER 13<br>CASE NUMBER 2:09-bk-17750-AA |
|---|---|
| In re<br><br>Bruno Antonio Danna<br>Josefine Danna<br><br>                                                    Debtor(s). | MOTION UNDER LOCAL BANKRUPTCY RULE 3015-1(n) and (w) TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS<br><br>(No Hearing Required) |

1. The debtor(s) hereby move(s) this Court to modify the confirmed chapter 13 plan or suspend plan payments, as set forth in detail below.

2. The purpose of this motion is to (check all that apply):
   ☒ Cure the delinquency.
   ☐ Address the expiration of the plan.
   ☐ Cure the infeasibility of the plan.
   ☒ Modify the amount of the plan payment, the length of the plan and/or the percentage to be paid to unsecured creditors because of a change in financial circumstances.

3. Terms of original confirmed chapter 13 plan:
   The Order Confirming Plan was entered on __9/11/2009__.
   Plan payment amount(s): __$1,126.00__ per month.
   Length of plan: __60__ months.
   Percentage paid to Class 5 general unsecured creditors: __0__%.

4. There have been __0__ previous modification or suspension orders.
   Plan payments have been suspended for __ months and/or the plan has been extended for __ months.

5. Current plan terms (complete this section if the confirmed chapter 13 plan has been subject to a previous modification or suspension order):
   Plan payment amount(s): $____ per month.
   Length of plan: ____ months.
   Percentage to Class 5 general unsecured creditors: ____%.

6. Proposed modification:
   ☐ Suspend (indicate number of plan payments) __ plan payments.
   ☐ Extend the term by (indicate number of months) __ month(s).
   ☒ Reduce the term by (indicate number of months) __14__ month(s).
   ☐ Increase the plan payment from $____ to $____ from (date) _____ to (date) _____.
   ☒ Reduce the plan payment from $ __$1,126.00__ to $ __$138.76__ from (date) __6/2010__ to (date) __6/2013__.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F 3015-1.6
Best Case Bankruptcy

Motion to Modify Plan or Suspend Plan Payments - Page 2                                    F 3015-1.6

| In re | CHAPTER 13 |
|---|---|
| Bruno Antonio Danna<br>Josefine Danna<br>                                            Debtor(s). | CASE NUMBER 2:09-bk-17750-AA |

7. Since the Order Confirming Plan or the last modification or suspension order was entered, the debtor's(s') circumstances have changed in the following respect:

The debtors have modified their first mortgage lender therefore are no longer behind., modification agreement is attached hereto as Exhibit 2 The rearrears included in the debtors' confirmed Chapter 13 plan are being removed. The debtors are no longer responsible for making vehicle payments or any other type of payments through the plan.

*File and serve amended schedules I and J (if appropriate) and supporting documentation concerning the basis for this motion including, but not limited to, proof of income.*

8. If this motion is granted, the last plan payment due would be payable  36  months after the first plan payment was due.

9. If this motion is granted:

   ☒ There will be no change in the percentage paid to Class 5 general unsecured creditors.

   OR

   ☐ The percentage paid to Class 5 general unsecured creditors will change from ___% to ___%.

Dated: May 28, 2010

_____
Onyinye Anyamu, 262152
Attorney for Debtor(s)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 28, 2010                          /s/ Bruno Antonio Danna
                                              Bruno Antonio Danna
                                              Debtor

Dated: May 28, 2010                          /s/ Josefine Danna
                                              Josefine Danna
                                              Joint Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                              F 3015-1.6

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

Name: Anthony O. Egbase
Address: Law Offices of Anthony O. Egbase
The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071
Telephone: (213) 620-7070  (FAX) (213) 620-1200

☒ Attorney for Debtor
State Bar No. 181721

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: | Chapter 13 Case No. 2:09-bk-17750 |
|---|---|
| Bruno Antonio Danna<br><br>Josefine Danna | **PROPOSED CHAPTER 13 PLAN**<br><br>CREDITORS MEETING:<br>Date:<br>Time:<br>Place:<br>CONFIRMATION HEARING:<br>Date:<br>Time:<br>Place: |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

Chapter 13 Plan (Rev. 12/09) - Page 2                                                              2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

   The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

   A. Payments by Debtor of $138.76 per month for 36 months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ 4,995.36 which is estimated to pay 0 % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: (specify property or indicate none)
      NONE

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. **ORDER OF PAYMENTS:**

1. If there are Domestic Support Obligations, the order of priority shall be:

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

   (b) Administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                    F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                       Best Case Bankruptcy

Main Document    Page 6 of 19

Chapter 13 Plan (Rev. 12/09) - Page 4                                                      2009 USBC, Central District of California

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

**CLASS 1**
**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a. Administrative Expenses | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $4,500.00 | | $125.00 | 36 | $4,500.00 |
| (3) Chapter 7 Trustee's Fees | | | | | |
| (4) Other | | | | | |
| b. Other Priority Claims | | | | | |
| (1) Internal Revenue Service | | | | | |
| (2) Franchise Tax Board | | | | | |
| (3) Domestic Support Obligation | | | | | |
| (4) Other | | | | | |
| c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                          F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____         _____
(name of creditor)                                                   (last 4 digits of account number)

_____         _____
(name of creditor)                                                   (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                   Best Case Bankruptcy

Case 2:09-bk-17750-AA    Doc 65    Filed 05/28/10    Entered 05/28/10 17:13:36    Desc
Main Document    Page 8 of 19

Chapter 13 Plan (Rev. 12/09) - Page 8    2009 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐  The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒  The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

FCI Loan Servicing _____    xxxxx2895 _____
(name of creditor)                                                                  (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of $50,000.00.
Class 5 claims will be paid as follows:

(Check one box only.)

☒  Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐  Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00 which is estimated to pay 0 % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009    F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com    Best Case Bankruptcy

## IV. PLAN ANALYSIS

| | |
|---|---|
| CLASS 1a | $4,500.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $0.36 |
| SUB-TOTAL | $4,500.36 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $495.00 |
| TOTAL PAYMENT | $4,995.36 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   Name of Other Party:                    Description of contract/lease:
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   Name of Other Party:                    Description of contract/lease:
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   Creditor Name:                          Monthly Payment:
   -NONE-

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   Creditor Name:                          Description:
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)
   Francisco Flores: Debtor(s) Intend to avoid lien.
   Francisco Flores: Debtor(s) Intend to avoid lien.

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                          F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com             Best Case Bankruptcy

l. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: May 28, 2010

/s/ Anthony O. Egbase
Anthony O. Egbase
181721
Attorney for Debtor(s)

/s/ Bruno Antonio Danna
Bruno Antonio Danna
Debtor

/s/ Josefine Danna
Josefine Danna
Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                                F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                   Best Case Bankruptcy

# EXHIBIT 1

B6I (Official Form 6I) (12/07)

In re  Bruno Antonio Danna
       Josefine Danna
                                    Debtor(s)                                    Case No.   2:09-bk-17750-AA

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | 15 years | driver |
| Name of Employer | Temple Beth Emet | Emritus |
| How long employed | Customer Service | 2 year |
| Address of Employer |  | Azusa, CA |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 1,979.38 | $ 2,080.00 |
| 2. Estimate monthly overtime | $ 139.86 | $ 0.00 |
| 3. SUBTOTAL | $ 2,119.24 | $ 2,080.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 162.13 | $ 173.33 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify): | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 162.13 | $ 173.33 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1,957.11 | $ 1,906.67 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 600.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 600.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,557.11 | $ 1,906.67 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 4,463.78 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  Bruno Antonio Danna
       Josefine Danna
       _____
                       Debtor(s)

Case No.  2:09-bk-17750-AA

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 2,800.00 |
|    a. Are real estate taxes included?  Yes X  No ___ | |
|    b. Is property insurance included?  Yes X  No ___ | |
| 2. Utilities: a. Electricity and heating fuel | $ 100.00 |
|            b. Water and sewer | $ 75.00 |
|            c. Telephone | $ 50.00 |
|            d. Other | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ 50.00 |
| 4. Food | $ 500.00 |
| 5. Clothing | $ 50.00 |
| 6. Laundry and dry cleaning | $ 75.00 |
| 7. Medical and dental expenses | $ 125.00 |
| 8. Transportation (not including car payments) | $ 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 50.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|         a. Homeowner's or renter's | $ 0.00 |
|         b. Life | $ 0.00 |
|         c. Health | $ 0.00 |
|         d. Auto | $ 135.00 |
|         e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|         a. Auto | $ 0.00 |
|         b. Other | $ 0.00 |
|         c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other _____ | $ 0.00 |
|     Other _____ | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 4,263.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
a. Average monthly income from Line 15 of Schedule I         $ 4,463.78
b. Average monthly expenses from Line 18 above              $ 4,263.00
c. Monthly net income (a. minus b.)                          $ 200.78

# EXHIBIT 2

WHEN RECORDED MAIL TO:
RITZ FINANCIAL
17700 Castleton Street
Suite #538
City of Industry, CA 91748

APN: 8102-028-001-2

---

## LOAN MODIFICATION AGREEMENT
Providing for Interest Only Payments and Balloon

This Loan Modification Agreement ("Agreement") is effective this 1st day of April, 2010, ("Effective Date") between Bruno D'Anna and Josefina D'Anna, Husband and Wife as Joint Tenants, ("hereinafter, "the Borrower") and Ritz Financial, LLC, a California Limited Liability Company (hereinafter, the "Lender"). Together, the Borrower and the Lender are referred to herein as "the Parties".

### RECITALS

The Parties enter into this Agreement with reference to the following stipulated facts:

A.   On April 26, 2007, Borrower purchased, re-financed or otherwise obtained an interest in a certain real property in Los Angeles County, CALIFORNIA in connection with the acquisition of the real property the Borrower delivered a certain promissory note dated April 20, 2007, in the original principal amount of $390,650.00 ("Note").

B.   The Note was and is secured by a Deed of Trust, Mortgage, Applicable Riders, Addenda or other security instrument ("Security Property"), and is more particularly described as:

The land referred to herein is situated in the State of California, County of LOS ANGELES, City of WHITTIER, described as follows:

LOT 38 OF TRACT NO. 15943, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS IN PER MAP RECORDED IN BOOK 357 PAGE(S) 10 TO 12 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY OF RECORDER OF SAID COUNTY.

APN: 8130-013-026

C.   Borrower is the current owner of record of the Subject Property. No other persons or business entities have ownership, management or control of the Subject Property. Borrower has not assigned, transferred, mortgaged or hypothecated the Subject Property, or any fee estate therein, nor the rents, income and profits of the Subject Property as may be described in the Security Instrument, except as set forth in these recitals.

D.   Borrower has failed to make one or more payments on the Note before expiration of the applicable grace period. Borrower has requested that the terms of the Note and Security Instrument be modified. The Parties have agreed to do so pursuant to the terms and conditions stated in this Agreement.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and agreements exchanged, the Parties hereto agree as follows:

1. **Incorporation of Recitals.** The Recitals are an integral part of this Agreement and are incorporated by reference herein

2. **Unpaid Principal Balance.** The Parties agree that the unpaid principal balance of the Note and Security Instrument prior to signing this Agreement was $385,051.05 ("Unpaid Principal Balance).

3. **Capitalization.** The Borrower acknowledges and agrees that interest on the Unpaid Principal Balance has accrued by has not been paid, that Ritz Financial, LLC has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect the interest of the Note holder or mortgagee, and that such accrued and unpaid interest, costs and expenses in the total amount of $40,135.32 (the "Capitalized Amount") have been added to the indebtedness under the terms of the Note and Security Instrument, as of April 1, 2010. The Capitalized Amount is included in the Modified Principal Balance.

4. **Modified Principal Balance.** The new balance due on the loan is $425,186.37 ("Modified Principal Balance"), which consists of $385,051.05 plus $40,135.32. The Borrower does not have any defenses, offsets or counterclaims to the Modified Principal Balance.

5. **Repayment.** The Modified Principal Balance shall be repaid in periodic installments and accrue interest as further described herein.

6. **Interest Rate; Monthly Payments.** Currently the interest rate is 7.990%. The interest rate is hereby modified as follows:

    (a) Interest will be charged on the Modified Principal Balance at the yearly rate of 6.75% beginning with the payment due on April 1, 2010. The Borrower promises to pay monthly payments of interest only in the amount of $2,391.67, and shall continue thereafter on the same day of each succeeding month until March 31, 2012. Beginning April 1, 2012, terms of the loan will revert back to the original Note dated April 20, 2007.

    (b) Borrower(s) acknowledges and agrees that the Note and Security Agreement requires a payment for escrow, with each monthly payment to also include the escrow portion. Borrower further acknowledges and agrees that subsequent total monthly payments are subject to change due to escrow analysis for taxes and insurance.

7. Modified

    [X] **Interest Rate.** If the box to the left of this paragraph is marked with an "X," Borrower's new interest rate shall be six and six tenths percent (6.75%); however, Borrower's interest rate shall never be less than six and six tenths percent (6.75%).

    [ ] **Maturity Date.** If the box to the left of this paragraph is marked with an "X," the Maturity Date, defined in the Note and Deed of Trust, shall be changed to _____.

    [ ] **Extension Fees.** If the box to the left of this paragraph is marked with an "X," in consideration of extending the Maturity Date, forbearing on obligations owed or similar consideration, Borrower agrees to pay Lender an extension fee equal to ____ percent (__%).

4. **Other Provisions in Full Force.** All other provisions of the Note and Deed of Trust shall remain in full force and effect.

5. **Release of Lender.** In consideration of the above modification of the Loan, Borrower hereby releases Lender and any past or future assignee or payee of the Loan, and each of their officers, directors, agents and representatives, from any and all liability, demands, causes of action, accountings or claims of any nature arising out of the advertising, negotiation, disclosure, underwriting, processing, making, settlement, servicing or any other aspects of the relationship between the parties concerning the Loan, known or unknown, suspected or unsuspected, arising since the Loan was applied for to the present, including claims under the Truth-in-Lending Act, Real Estate Settlement Procedures

2

Act, State Real Estate Law and all state and federal statutory, regulatory or case law, but excluding obligations created in this agreement and the on-going obligations under the Loan. Borrower acknowledges that such release includes a waiver of the right to make claims based upon the discovery of new facts and circumstances, and waives the application of any state or federal laws providing for relief from general releases.

6.  **Borrower's Acknowledgments.** Borrower acknowledges and represents to Lender, in order to induce Lender to enter into this Agreement, that each of the following is completely true and correct:

(a) Borrower has been encouraged to consult Borrower's legal, tax, and financial advisors before entering into this agreement;

(b) Borrower has read and understood this agreement in its entirety;

(c) Borrower is giving up Borrower's rights to ever make a claim against Lender about any aspect of the Loan to date or Borrower's relationship with Lender about the Loan to date;

(d) Borrower is not under any pressure from any source to settle; settlement is voluntary; and

(e) Lender and its representatives are not Borrower's advisors in this settlement.

7.  **No Admission.** Nothing contained in this agreement shall be construed as an admission by any party to this agreement of the validity of the claims of the other party to this Agreement.

8.  **Entire Agreement.** This Agreement and all documents executed in conjunction with this Agreement contain the entire understanding between the parties about the claim and the modification of the Loan. No express or implied warranties, covenants or representations have been made concerning the subject matter of this Agreement unless expressly stated herein. Any prior written or oral negotiations not contained in this Agreement are of no force or effect whatsoever.

9.  **Miscellaneous.** This Agreement shall be construed as if prepared by all parties even though one party prepared it. This Agreement may be executed in one or more counterparts or signature pages, each of which shall be deemed an original and which together shall constitute one instrument. No amendment, modification or waiver of any provision of this Agreement shall be effective unless in writing and signed by all parties. Upon signature by all parties, this Agreement is binding upon the parties, their successors, heirs and assigns.

IN WITNESS WHEREOF the parties have executed this Agreement the day and year first above mentioned.

BORROWER:                                                LENDER:


_____                              _____
Bruno D'Anna                                             Ritz Financial, LLC a California Limited Liability Company
                                                         By: Chih Wei Lee
                                                         Its: Managing Member


_____
Josefina D'Anna

3

*[Borrower's Acknowledgement Below]*

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF              )

On _____, 20\_\_\_ before me, _____, personally appeared _____
_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____    (Seal)


*[Lender's Acknowledgement Below]*

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

On _____, 20\_\_\_ before me, _____, personally appeared _____
_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____    (Seal)

Motion to Modify Plan or Suspend Plan Payments - Page 3                                F 3015-1.6

| In re | | CHAPTER 13 |
|---|---|---|
| Bruno Antonio Danna<br>Josefine Danna | Debtor(s). | CASE NUMBER 2:09-bk-17750-AA |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
350 S. Figueroa Street, Suite 189, Los Angeles, CA 90071

A true and correct copy of the foregoing document described as __Motion to Modify Plan or Suspend Plan Payments__ will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __5/28/2010__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Kathy A Dockery efiling@CH13LA.com
Anthony Egbase info@anthonyegbaselaw.com
Sheryl K Ith sith@cookseylaw.com
David F Makkabi cmartin@pprlaw.net
Cassandra J Richey cmartin@pprlaw.net
Ramesh Singh claims@recoverycorp.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Alice Whitten customer.service.bk@americredit.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __5/28/2010__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

1st Lender: FCI Loan Servicing, FKA Ritz Financial, 17700 Castleton Street, Suite 538, Rowland Heights, CA 91748

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 28, 2010 | JOANNE SANCHEZ | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 3015-1.6

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                         Best Case Bankruptcy